IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| RAGHU SHASHANK ARRAMREDDY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 5:18-CV-210-FL |
| | ) | WESTERN DIVISION |
| BB&T CORPORATION, | ) | |
| Defendant. | ) | |

| RAGHU SHASHANK ARRAMREDDY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 7:19-CV-33-FL |
| | ) | SOUTHERN DIVISION |
| BRANCH BANKING & TRUST COMPANY, | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before court on motions of defendant[1] to consolidate these cases (5:18-CV-210-FL (DE 29); 7:19-CV-33-FL (DE 23)). Also pending before the court are defendant's motions to stay the cases pending ruling on the motions to consolidate (5:18-CV-210-FL (DE 31); 7:19-CV-33-FL (DE 25)). No responses have been made to any motion. For reasons that follow, the court grants defendant's motions to consolidate and denies as moot defendant's motions to stay.

BACKGROUND

Plaintiff, proceeding pro se, commenced the first captioned action against defendant May

---

[1] BB&T Corporation is reported by defendant to be a holding company with no employees. Defendant contends that Branch Bank and Trust Company, a wholly owned subsidiary of BB&T Corporation, employed plaintiff.

14, 2018, alleging race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq.. Plaintiff seeks back pay and reinstatement.

Plaintiff commenced the second captioned action four days later, on May 18, 2018, in the United States District Court for the Northern District of Alabama. Plaintiff alleges interference with and retaliation against exercise of his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.; discrimination on the basis of disability in violation of the ADA; and retaliation on the basis of race in violation of 42 U.S.C. § 1981. Plaintiff seeks reinstatement, damages including back pay, costs and attorney's fees.

The facts alleged in the first action may be summarized as follows. Plaintiff began working for defendant on February 9, 2015. On May 12, 2017, plaintiff took off work due to a rash on his face and neck causing pain and swelling. On May 15, 2017, plaintiff took off work again because his condition became worse. That same day, James Kidd ("Kidd"), an information technology ("IT") manager, called plaintiff while he was at the doctor's office and asked him to resign. Another IT team member, Roger Whitman ("Whitman") called plaintiff and told him he should sign a severance agreement offered by Kidd. On May 16, 2017, plaintiff informed defendant's ethics department that he wanted to file a discrimination complaint because he was being discriminated against and harassed by a team member and manager. Plaintiff also informed the department that he was being treated for shingles on his face and was in pain. On May 17, 2017, plaintiff received an email from defendant's employer's benefits department about applying for family medical leave. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC")

2

on May 23, 2017. Defendant terminated plaintiff's employment on August 7, 2017. On February 15, 2018, the EEOC issued plaintiff a right to sue letter.

The facts alleged in the second action largely parallel the allegations in the first one, with additional references to employer-employee contacts of or relating to plaintiff's attempts to invoke rights under the FMLA. Days after transfer of the second captioned action into this district from the Northern District of Alabama on February 8, 2019, defendant filed the instant motions to consolidate and to stay in each case.

DISCUSSION

"If actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions; . . . consolidate the actions; or . . . issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In ruling on a motion to consolidate the "critical question" is whether the case presents "specific risks of prejudice and possible confusion" and, if so, the magnitude of those risks relative to the "risk of inconsistent adjudications on common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982), reh'g granted and rev'd on other grounds, 712 F.2d 899 (4th Cir. 1983) (en banc).

The pleadings disclose that the cases arise from the same conduct and seek the same relief against the same defendant. See Volvo Const. Equipment North America, Inc. v. CLM Equipment Co., Inc. 386 F.3d 581, 600 (4th Cir. 2004) (discussing mirror image claims consolidated in a single forum). Plaintiff raises causes of action all arising out of the circumstances of his termination on

August 7, 2017. Plaintiff alleges race and disability discrimination by defendant in both actions based on his supervisor's alleged conduct on May 15, 2017, and subsequent filing of an EEOC charge on May 23, 2017. Plaintiff also alleges facts concerning his FMLA leave in the first case, while expressly bringing FMLA claims in his second case.

There appears no risk of prejudice or possible confusion resulting from consolidation, and there exists a significant risk that adjudicating the cases separately could result in inconsistent adjudication on identical issues; unnecessary burden on the parties, witnesses, and the court; waste of time; and unjustified additional expense. See Arnold, 681 F.2d at 193. Thus, consolidation is warranted on the terms set forth below.

CONCLUSION

Based on the foregoing, defendant's motions to consolidate are GRANTED. The scope of consolidation embraces all case aspects. Defendant's motions to stay are DENIED AS MOOT. Where consolidation raises several case management issues, the court ORDERS as follows:

1. A master docket and master file shall be established for the above-captioned cases. The master file shall be case no. 5:18-CV-210-FL. All future filings shall be made in that file and bear the below caption:

| RAGHU SHASHANK ARRAMREDDY, Plaintiff, v. BRANCH BANKING & TRUST COMPANY, Defendant. | CONSOLIDATED CIVIL ACTION Master File No. 5:18-CV-210-FL |
|---|---|

4

2. The clerk is DIRECTED to note all previous entries from case number 7:19-CV-33-FL on the master docket and to file them in the master file.

3. Where several of the case management deadlines ordered in case no. 5:18-CV-210-FL (DE 17, 20), have or soon will expire, the parties shall file any proposed amendment(s) to the courts prior orders on scheduling ( 5:18-CV-210-FL (DE 17, 20)) on or before **April 5, 2019**. If no amendment timely is proposed, the schedule previously ordered shall govern this consolidated action.

SO ORDERED, this the 21st day of March, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge