IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

RAGHU SHASHANK ARRAMREDDY,   )
   )
      Plaintiff,   )
   )
     v.   )      CONSOLIDATED CIVIL ACTION
   )      Master File No. 5:18-CV-210-FL
BRANCH BANKING AND TRUST   )
COMPANY,   )
   )
      Defendant.   )

**ORDER**

This matter comes before the court on defendant's motion for sanctions and dismissal pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) (DE 60). The issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted.

**BACKGROUND**

Plaintiff, proceeding pro se, initiated this action on May 14, 2018, alleging race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq.. The court entered case management order on October 22, 2018, and amended it on December 13, 2018. The case management order requires that the parties exchange initial disclosures by November 1, 2018, and respond to interrogatories 30 days after service thereof. Likewise, the Federal Rules provide that parties must respond to requests for

production of documents not later than 30 days after being served. Fed. R. Civ. P. 34(b)(2)(A). Defendant served its first set of interrogatories and first set of requests for production of documents on October 24, 2018. ("Discovery Requests" (DE 23-1, 23-2)).

On November 6, 2018, and December 3, 2018, defense counsel sent plaintiff letters requesting plaintiff provide his Rule 26(a) disclosures and respond to defendant's discovery requests. Plaintiff did not respond to either of defense counsel's communications.

After receiving no response, defendant filed motion to compel plaintiff to file its initial disclosures, as well as respond to its discovery requests. On January 17, 2019, the court granted defendant's motion in part, requiring that plaintiff serve responses to defendant's discovery requests and serve initial disclosures not later than February 5, 2019. The court warned plaintiff that failure to comply with the court's order may result in dismissal of the action in its entirety.

In the meantime, plaintiff commenced a second action against defendant on May 18, 2018 in the United States District Court for the Northern District of Alabama. Plaintiff alleges interference with and retaliation against exercise of his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.; discrimination on the basis of disability in violation of the ADA; and retaliation on the basis of race in violation of 42 U.S.C. § 1981. The case was stayed by the district court on July 31, 2018. Subsequently, the case was transferred from the Northern District of Alabama on February 8, 2019.

The court completely consolidated plaintiff's second case with the first case on March 21, 2019, and allowed the parties to propose amendments to the court's case management order. Neither party proposed any amendment, leaving the court's case management order in effect.

Thereafter, defendant filed the instant motion for sanctions and dismissal. Defendant represents that plaintiff ignored the court's January 17, 2019, order to produce required discovery.

Out of respect for the fact that plaintiff is proceeding pro se, and mindful that a second case had recently been consolidated, the court gave plaintiff another chance to comply with his discovery obligations. The court again ordered plaintiff to produce initial disclosures and respond to defendant's first set of interrogatories and first set of requests for production of documents. The court directed plaintiff to file a sworn statement attesting to service of the required discovery on defendant by May 29, 2019. Finally, the court again warned plaintiff that failure to comply with the court's order will result in dismissal of the consolidated action in its entirety.

On May 29, 2019, plaintiff untimely filed response to defendant's motion for sanctions.[1] In plaintiff's response, he did not attest to service of required discovery on defendant as ordered by the court. Instead, plaintiff demanded defendant produce discovery before he proceed any further.

## DISCUSSION

The Federal Rules of Civil Procedure allow a court to impose sanctions, up to and including dismissal, when a party fails to comply with discovery ordered by the court. Fed. R. Civ. P. 37(b). Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1994) (noting that even pro se litigants are "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible"). Before dismissing a claim, courts should warn the plaintiff about the potential for dismissal for failure to comply with its order. See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995). In determining whether to dismiss a claim for failure to comply with a discovery order, a court considers:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

---

[1] This response was not a sworn statement, as required by the court.

Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989). The failure to respond to interrogatories is sufficient to sanction a party with dismissal. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976).

The court finds that dismissal with prejudice is the appropriate sanction. Each element above has been satisfied as the court finds: (1) plaintiff's continued failure to comply signifies bad faith; (2) plaintiff has caused significant prejudice to defendant, who has not received any discovery pertaining to foundational information underlying plaintiff's claims; (3) there is a great need for deterrence in this case where plaintiff has ignored this court's orders and the Federal Rules of Civil Procedure; and (4) less drastic sanctions would be ineffective here where plaintiff had two clear warnings of the possibility of dismissal.

In response, plaintiff argues that he requires additional discovery from defendant before he is able to proceed further in this case. Plaintiff's response entirely disregards the court's directive to produce discovery to defendant. If plaintiff felt that defendant failed to comply with its own discovery obligations, plaintiff's remedy was to file his own motion to compel, not consistently ignore the court's orders. Defendant's motion for sanctions is granted.

## CONCLUSION

For the foregoing reasons, defendants' motion for sanctions is GRANTED (DE 60). Plaintiff's consolidated case is DISMISSED WITH PREJUDICE, and the clerk is DIRECTED to close this case.

SO ORDERED, this 30th day of May, 2019.

LOUISE W. FLANAGAN
United States District Judge

4